# DECISIONS

# SUPREME COURT OF FLORIDA

## JUNE TERM, A. D. 1906.

WILLIAM ALLEN, PLAINTIFF IN ERROR, v. THE STATE OF FLORIDA, DEFENDENT IN ERROR.

CRIMINAL LAW—FORMER JEOPARDY—WHEN JEOPARDY BEGINS—IMPROPER DISCHARGE OF JURY BEFORE VERDICT.

1.  A person is in legal jeopardy when he is put upon trial, before a court of competent jurisdiction, upon an indictment or information which is sufficient in form and substance to sustain a conviction, and a jury has been charged with his deliverance. And a jury is said to be thus charged when they have been impanelled and sworn.

2.  The silence of a defendant on trial for crime, or his failure to object or protest against an illegal discharge of the jury before verdict, does not constitute a consent to such discharge, or a waiver of the constitutional inhibition against a second jeopardy for the same offence.

3.  The power of the court to discharge a jury who have been sworn in chief before verdict should be exercised only in case of a manifest, urgent, or absolute necessity. If the jury are discharged for a reason legally insufficient. and without an absolute necessity for it, and without the defendant's consent, the discharge is equivalent to an acquittal, and may be pleaded as a bar to any further trial or to any subsequent indictment.

This case was decided by Division B.

Writ of error to the Criminal Court of Record for Duval County.

The facts in the case are stated in the opinion of the Court.

*Geo. C. Bedell,* for Plaintiff in Error.

*W. H. Ellis,* Attorney General, for the State.

TAYLOR, J.  The plaintiff in error as defendant below was informed against in the Criminal Court of Record for Duval County for the crime of forgery, was tried, convicted and sentenced, and seeks relief here by writ of error.

On March 7th, 1906, the defendant was arraigend and entered a plea of not guilty, thereupon a panel of six jurors were examined on their *voir dire*, and were challenged for cause both to the array and individually, which challenges were overruled by the Court and a complete jury of six was sworn in chief to well and truly try and true deliverance make between the State of Florida and the defendant. Thereupon the defendant's counsel called the attention of the court to the fact that one of the witnesses named Harrison endorsed on the back of the information as a State witness was also a witness for the defense, and that such witness, who lived a few miles out from Jacksonville, where the trial was proceeding, was absent from the court room, and moved for time to get said witness. The court then ordered the facts so stated to be set forth in the form of an affidavit. The County Solicitor thereupon moved the court that the jury be discharged from further consideration of the case, and that said cause be continued

until the 16th of March. This motion of the County Solicitor was granted by the court and the jury discharged.

On March 21st, 1906, when the cause was again called for trial, the defendant, by leave of the court, withdrew his plea of not guilty and interposed a plea of former jeopardy, setting up the former proceedings above recited. To this plea the State interposed a demurrer, which demurrer was sustained by the court, upon which the defendant was put to trial before another jury, who returned the verdict of conviction to which the writ of error is addressed. The order sustaining the demurrer of the State to the defendant's plea of former jeopardy is assigned as error.

In this ruling the court below erred. The discharge of the former jury who had been charged with the defendant's case upon the arbitrary motion of the State's Solicitor without any necessity or legal reason therefor, and without the consent of the defendant, amounted to an acquittal of the defendant, and his plea of former jeopardy should have been sustained, the State's demurrer thereto overruled, and the defendant discharged without delay. It is true that the defendant had asked the court for time to procure the attendance of an absent witness, who resided a few miles from the court, but he did not ask for a continuance of the cause or for a discharge of the jury, and an arbitrary discharge of the jury under these circumstances without his consent amounted to his acquittal. His silence or failure to object or protest against the discharge of the jury did not constitute a consent or a waiver of his constitutional right. State v. Richardson, 47 S. C. 166, 25 S. E. Rep. 220, S. C. 35 L. R. A. 238. The power of the court to discharge a jury who have been sworn in chief before verdict should be exercised only in case of a manifest, urgent, or absolute necessity. If the

jury are discharged for a reason legally insufficient and without an absolute necessity for it, and without the defendant's consent, the discharge is equivalent to an acquittal, and may be pleaded as a bar to any further trial or to any subsequent indictment. 12 Cyc. Law & Proc. p. 270 and citations; Grant v. People, 4 Parker's Cr. Rep. 527; State v. Wamire, 16 Ind. 357; Teat v. State, 53 Miss. 439; Helm v. State, 66 Miss. 537; 6 South. Rep. 322; State v. McKee, 1 Bailey's Law (S. C.) 651, S. C. 21 Am. Dec. 499, and cases cited in notes; Cooley's Const. Lim. (7th ed.) p. 467, where this great author says: "A person is in legal jeopardy when he is put upon trial, before a court of competent jurisdiction, upon indictment or information which is sufficient in form and substance to sustain a conviction, and a jury has been charged with his deliverance. And a jury is said to be thus charged when they have been impanelled and sworn." 1 Bishop's New Cr. Law, Secs. 1013, 1014 et seq.; State v. Robinson, 46 La. Ann. 769, 15 South. Rep. 146; Robinson v. Commonwealth, 88 Ky. 386, 11 S. W. Rep. 210; People v. Cage, 48 Cal. 323; *Ex parte* Clements, 50 Ala. 459; Bell v. State, 44 Ala. 393; *Ex parte* Maxwell, 11 Nev. 428; Commonwealth v. Fitzpatrick, 121 Pa. St. 109, 15 Atl. Rep. 466; Weinzorpflin v. State, 7 Blackf. (Ind.) 186; Miller v. State, 8 Ind. 325; McCorkle v. State, 14 Ind. 39; State v. Callendine, 8 Iowa 286; Hines v. State, 24 Ohio St. 134.

Many other errors are assigned and argued, but as the error found completely disposes of the case, it becomes unnecessary to notice any other assignment. The judgment of the court below is hereby reversed with directions to overrule the State's demurrer to the defendant's plea of former jeopardy and to discharge the defendant without day at the cost of Duval County.

HOCKER & PARKHILL, JJ., concur.

SHACKLEFORD, C. J., and COCKRELL and WHITFIELD, JJ., concur in the opinion.