**STATE ex rel. ARMANDO ALCALA v. HON. L. A. GRAYSON, Acting Judge of the Criminal Court of Record in and for Hillsborough County, Florida.**

23 So. (2nd) 484
October 5, 1945

June Term, 1945
Division A

*William C. Pierce,* for relator.

*J. Tom Watson,* Attorney General, *Reeves Bowen,* Assistant Attorney General, and *Luther W. Cobbey,* County Solicitor Criminal Court of Record for respondent.

ADAMS, J.:

This is a case of original jurisdiction in prohibition.

Relator Alcala was put upon trial in the Criminal Court of Hillsborough County; a jury was empaneled and sworn and two witnesses for the state were called; at that stage of the proceeding the presiding judge became convinced that the witnesses were committing perjury and that the defendant was responsible for the perjury and for that reason a mistrial was declared over Alcala's objection.

The question now is whether Alcala was in jeopardy and should not be required to stand trial again. The right to plead former jeopardy was sanctioned by the ancient common law and has long been guaranteed by our constitution. Any attempt to deprive an accused of its benefit should be allowed with extreme caution. In this state the rule has been long established and continuously adhered to that the power to declare a mistrial and discharge the jury should be exercised with great care and caution and should be done only in case of absolute necessity. Ellis v. State, 25 Fla. 703, 6 So. 768; Allen v. State, 52 Fla. 1, 41 So. 593; Fails v. State, 60 Fla. 8, 53 So. 612.

As to what is absolute necessity is often a difficult matter to ascertain. In State ex rel. Dato v. Himes, 134 Fla. 675, 184 So. 244, we said that the causes which create the necessity must fall under one of three heads, namely:

"(1) Where the court is compelled by law to be adjourned before the jury can agree upon a verdict; (2) where the prisoner by his own misconduct places it out of the power of

the jury to investigate his case correctly, thereby obtaining an unfair advantage of the state, or is himself by the visitation of Providence, prevented from being able to attend to his trial; and (3) where there is no possibility for the jury to agree upon and return a verdict."

Double jeopardy does not depend upon the result, or probable result, of the trial, but rather upon the fact of trial. If the court is legally constituted and has jurisdiction of the offense and the accused and the charge is legally sufficient to predicate a verdict and judgment, jeopardy attaches unless there arises some reason why the court cannot function. In this case there was no reason why the court might not have proceeded to a verdict. If there were no other witnesses to sustain the state's case then it was a plain case where the prosecution could not make a case. The apparent reason for halting the trial was the likelihood of the case terminating unfavorably to the state. The court was fully capable to function and render a judgment. See Wharton's Criminal Law, Vol. 1, 12th ed., page 548, Sec. 395; 15 Am. Jur. page 78, Sec. 409; State v. Himes, 153 Fla. 711, 15 So. 613.

The rule nisi is therefore made absolute.

So ordered.

CHAPMAN, C. J., TERRELL and BUFORD, JJ., concur.