### STATE v. PELKA.

Circuit Court, Dade County, Criminal Appeal.

January 27, 1956.

R. K. Bell, Miami, for appellant.

John D. Marsh, County Solicitor, Glenn C. Mincer, Assistant County Solicitor, for appellee.

MARSHALL C. WISEHEART, Circuit Judge.

Appellant Fred W. Pelka was put on trial in the court of crimes in Dade County, the trial being before the court after he pleaded not guilty and waived trial by jury. The trial proceeded and after hearing one witness the state moved for a continuance until a certain book which had been offered in evidence had been certified. The appellant, by his attorney, objected to such continuance unless it were continued until some future date. Thereupon, the court ruled—"On request for a recess, I will grant the state a short time. If the matter is not ready in some 15 or 20 minutes, I will dispose of the case." The reporter's transcript of the proceedings recites that the trial was adjourned *sine die.*

Thereafter the case was again set before the judge of said court, at which time appellant appeared and by his counsel, Mr. Bell, moved as follows—"I would like to make a motion before proceeding. Comes now the defendant by his attorney and respectfully moves the court to discharge the defendant on the following grounds—that this cause came on for trial on March 15, 1955 at which time the defendant was placed in jeopardy; that the state of Florida proceeded with said trial by adducing evidence of its witness, R. H. Eastward, and by offering in evidence an exhibit marked state's exhibit #1; that on that date the cause was recessed at the state's request so as to enable the state to procure other evidence; that thereafter on that date the case was con-

tinued without the consent of counsel for the defendant or the defendant; that the term of court during which said case was pending, and during which the defendant was placed in jeopardy, ended on May 5, 1955, with a new term beginning on May 6, 1955; that by reason thereof the court is now without jurisdiction to proceed further in the trial of this cause and the defendant is now placed in double jeopardy, without due process of law, and contrary to article 12, declaration of rights, constitution of Florida, and section 1, 14th amendment to the constitution of the United States. In support of our motion we offer in evidence a certified copy of the minutes of this court."

Thereupon, the court ruled as follows—"May I see those minutes, please. [Court examined same.] Let the record note that the matter was continued on at least two occasions and since it is now out of term and in a new term, the court at this time is going to declare a mistrial on the previous trial and I will request that we proceed on the presenting of evidence at this time. There is no question of double jeopardy. We will start from scratch at this time. Will the witnesses please come forward to be sworn."

To which ruling of the court the appellant by his attorney objected as follows—"Comes now the defendant and respectfully represents that on March 15, 1955 the defendant in this case was brought to trial; that the state proceeded to try the defendant by adducing evidence and testimony of its witness, R. H. Eastward, and that on this date the court has declared a mistrial for the reason that the original trial was continued into the next succeeding term of court; that said mistrial is over the objection of the defendant; that the defendant has heretofore been placed in jeopardy; and that this trial constitutes double jeopardy and constitutes a denial of the defendant's rights as secured to him by article 2 of the declaration of rights of the constitution of the state of Florida, and section 1 of the 14th amendment to the constitution of the United States."

This motion should have been sustained, and by overruling the same and again putting the appellant on trial, the lower court committed reversible error. See State ex rel Alcala v. Grayson (Fla.), 23 So. 2d 484.

In view of the foregoing conclusions, it becomes unnecessary to discuss or determine the other errors assigned.

The judgment and sentence of the lower court is reversed with directions that defendant be discharged.