90 So.2d 710 (1956)
STATE of Florida ex rel. Herschel Williams and Charles Lang, Petitioners,
v.
L.A. GRAYSON, as Judge of the Criminal Court of Record of Hillsborough County, Florida, Respondent.
Supreme Court of Florida. Special Division A.
November 21, 1956.
*711 Tom J. Johnson, Jr., and C.J. Hardee, Sr., Tampa, for petitioners.
Richard W. Ervin, Atty. Gen., and Reeves Bowen, Asst. Atty. Gen., for respondent.
THORNAL, Justice.
Petitioners, being subjected to prosecution on charges pending in the Criminal Court of Record of Hillsborough County, petition for a rule absolute to prohibit further proceedings by the respondent in connection with the matter.
*712 The determining point is whether petitioners were previously placed in jeopardy on the same charges.
On November 18, 1954, both petitioners were charged with liquor law violations. On December 20, 1954, petitioner Lang was charged with reckless driving. The cases were consolidated for trial. During the taking of testimony the petitioners made several motions for a mistrial. Each of these motions was expressly denied by the trial judge. After all of the testimony was taken, both petitioners and the State rested. The judge instructed the jury. The jury retired to consider its verdict. While the jury was so deliberating the following colloquy occurred:
"Mr. McLean: If your Honor please, I would like to make a motion out of the presence of the jury.
"I have considered the testimony that has been placed into the record by the witnesses and by counsel, both for the State and for the defense, and by this Court, and also the remarks made both by counsel for the defense and the State, and the remarks of the Court, and feel that after a fair consideration of it, that there might perhaps be error in the record and I wish to join in the motions heretofore made by counsel for the defense for a mistrial and request permission to join with the defendants' counsel in such motion for a mistrial in this case.
"Mr. Tom Johnson: We have no objection, your Honor.
"The Court: I have never had a situation such as this develop. I don't know if the question of former jeopardy will enter into it or not. I assume that it would not.
"Mr. Hardee: That's my assumption. Without studying the law, from what I do know, I think that's correct. I wouldn't bind myself, but I am satisfied in my own mind, it is. A mistrial doesn't have anything to do with jeopardy.
"Mr. McLean: I have not researched the law on this point, myself, your Honor, and I am only going upon an assumption that a mistrial constitutes no jeopardy.
"The Court: Well, a mistrial does not. All right, the motion will be granted. Bring in the Jury.
"(The Jury returned to the court room.)
"The Court: Gentlemen, there has been dictated into the record during the progress of the trial, motion by the defense for a mistrial, upon errors alleged to have been committed in the progress of the trial. The State has now joined in that motion and the Court at this time declares a mistrial in this case and you will have no further concern with it. That completes your business for the day, or for the Term. You may go down and be paid off by the Clerk, to return no more."
Mr. McLean was the Assistant County Solicitor. Messrs. Johnson and Hardee represented the petitioners. Thereafter the trial judge set the cases for another trial on December 22, 1955. An amended information was filed but the offenses charged were substantially the same as those in the first information dealing with liquor law violations. Before the case could come on trial the second time, the petitioners moved to quash the information pleading former jeopardy based on the first trial which had terminated with the granting of the State's motion for a mistrial. The motion to quash was denied. Thereupon, in an original proceeding in this court, the petitioners obtained a rule nisi in prohibition directed to the respondent. The matter is now on final hearing in response to the prayer for a rule absolute.
The petitioners contend that they were in jeopardy when the trial judge granted *713 the State's mistrial motion at the first trial. They assert that the granting of this motion was tantamount to an acquittal and that they cannot again be placed in jeopardy for the same offense.
Respondent contends that the motion for mistrial was granted with the consent of the petitioners and therefore could not have had the effect contended for by them. The respondent does not question the proposition that prohibition is the appropriate procedure to follow in order to obtain the relief sought. He does, however, contend that the petitioners are not entitled to the relief they seek. We have held that prohibition is the appropriate procedure. State ex rel. Manning v. Himes, 153 Fla. 711, 15 So.2d 613. The respondent further concedes by his brief that at the time the State's motion for a mistrial was granted, the petitioners did not then have before the court a pending and undisposed of motion for mistrial. To this end it is further conceded that the motion submitted by the Assistant County Solicitor was in legal effect the State's independent motion for a mistrial. This conclusion, we think, is consistent with our opinion in State ex rel. Manning v. Himes, supra. We, therefore, consider the effect of the State's motion for a mistrial under the circumstances outlined above. In doing so we do not regard the State's motion as any joinder in the previously tendered motions of the petitioners. Those motions had been disposed of adversely to the contentions of the petitioners and were not pending before the court.
The protection of an accused against being twice put in jeopardy for the same offense is a right guaranteed by Section 12, Declaration of Rights, Florida Constitution, F.S.A. The constitutional provision is merely a recognition of a common law principle which is an inherent part of our system of justice in the enforcement of the criminal law. While to some the position of the petitioners in this matter may appear to be highly technical, it is nonetheless legally sound under our own precedents. In so holding we believe our position to be consistent with the overwhelming weight of authority on the subject. A person is placed in jeopardy when he is put upon trial under an indictment or information sufficient in form and substance to sustain a conviction before a court of competent jurisdiction and a jury has been impaneled and sworn and charged with his deliverance. Allen v. State, 52 Fla. 1, 41 So. 593. When this point in the trial has been reached, the trial judge should exercise the power to discharge the jury only in cases of manifestly urgent and absolute necessity. If the jury is discharged for legally insufficient reasons and without an absolute necessity and without the defendant's consent, such discharge is equivalent to an acquittal and precludes a subsequent trial for the same offense. Illustrative of the urgent or necessary reasons that would justify the discharge of the jury at the stage of the trial mentioned would be: (a) the illness of the judge, the accused, or a juror requiring the absence of any of them from the court, or (b) the inability of the jury to agree on a verdict after due and proper deliberation, or (c) a consent of the accused himself.
In Allen v. State, 52 Fla. 1, 41 So. 593, we held that the silence of the defendant on trial for a crime or his failure to object or protest against an illegal discharge of the jury before verdict does not constitute a consent to such discharge. Such conduct by the accused is not a waiver of the constitutional inhibition against a subsequent trial for the same offense after the improper discharge of the jury. See also, State ex rel. Dato v. Himes, 134 Fla. 675, 184 So. 244; State ex rel. Alcala v. Grayson, 156 Fla. 435, 23 So.2d 484.
We now apply these principles to the situation before us. The reason for requesting the mistrial according to the statement of the Assistant County Solicitor was that there might be error in the record. Out of fear of the ultimate effect of such error, the prosecuting officer requested the *714 discharge of the jury. We do not consider this to be an urgent or necessary reason for granting the motion for mistrial, absent the consent of the accused. State ex rel. Alcala v. Grayson, supra. We must look at the immediate record to determine whether the accused consented to the granting of the State's motion. It is true that one of his lawyers stated: "We have no objection." Thereupon the trial judge expressed concern as to the possibility of "former jeopardy". The other attorney for the accused petitioners thereupon announced that he likewise did not know the effect that the granting of the motion would have on the subject of former jeopardy, but stated that "I wouldn't bind myself on the point". The prosecuting official himself stated that he was "only going upon an assumption that a mistrial constitutes no jeopardy". It is therefore apparent from this record that all parties concerned were at best dubious about the effect of the granting of the State's motion.
While the petitioners, through one attorney, stated that they had "no objection", their other attorney immediately advised the court that he wouldn't bind himself to any assumption in the matter. We think this was tantamount to a "red flag" warning that he would take advantage of any order granting the motion if such order militated against the State and to the advantage of his clients.
When we consider the burden that is placed upon the State in a criminal prosecution as well as the importance of the constitutional guarantee against double jeopardy, we cannot conclude that these petitioners affirmatively consented to the granting of the State's motion. Under the circumstances reflected by this record, the State made the motion at its peril and accepted the ruling on the basis of an admitted assumption which was not supported by the precedents of this, or, so far as we can find, any other court.
Some courts have gone even further in applying the rule above announced. In Hipple v. State, 80 Tex.Cr.R. 531, 191 S.W. 1150, L.R.A. 1917D, 1141, the Texas court actually held that the consent of counsel for the accused to the granting of the State's motion for a mistrial would not be held binding on the accused himself who stood mute. The opinion in this case was re-affirmed in Davis v. State, 144 Tex.Cr.R. 474, 164 S.W.2d 686.
While we do not carry the rule to this extent, we are of the view that in the case before us it cannot be properly held that the petitioners who were the accused, either in person or through their counsel, consented to the granting of the State's motion for a mistrial. The motion for a mistrial having therefore been granted without the expressed consent of the accused and for a stated reason which we do not consider to be legally sufficient to justify the granting of the motion without the consent of the accused, a subsequent trial for the same offenses would constitute double jeopardy.
By their petition for the rule nisi petitioners assert a further ground that the respondent should have disqualified himself to hear the cases again because of an alleged bias or prejudice based upon remarks expressed in the first trial. We find it unnecessary to pass upon this point because of our ruling on the question of double jeopardy.
For the reasons stated, the rule nisi is therefore made absolute but a writ absolute in prohibition will not be issued unless it is necessary to do so.
DREW, C.J., HOBSON, J., and GILLIS, Associate Justice, concur.