ANDREWS, Judge.
Dorothy Adkins petitions this court for a rule absolute to prohibit further proceedings by the respondent in the circuit court in the prosecution of petitioner for first degree murder.
Petitioner was indicted for first degree murder and brought to trial before the respondent, Circuit Judge D. C. Smith. A jury of twelve and one alternate juror were selected and sworn. The judge declared a recess and directed the jury to withdraw into the jury room. As the jurors were going into the jury room the alternate juror approached the bench and spoke briefly to the judge. The subject of the conversation was the concern of the juror over the possibility of being separated from his ill wife overnight with no one available to care for her. Immediately prior to this conversation between the alternate juror and the judge, defendant had left the courtroom and was in the hallway outside the courtroom. Defense counsel was present.
At this point the state attorney pointed out to the court that the defendant was not present during the conversation between the court and the alternate juror and because of the recent case, Deans v. State, Fla.App. 1965, 180 So.2d 178, consideration should be given to the declaration of a mistrial.
After considerable discussion between the court and both counsel concerning the Deans case, the court inquired whether defense counsel would stipulate that the alternate juror be discharged. The court stated that, unless there was such a stipulation, the court would give consideration to a declaration of a mistrial.
The state attorney indicated a willingness to so stipulate. The defense' counsel suggested that the state attorney might move for a mistrial. The state attorney stated he would make such a motion if the court felt it necessary in the furtherance of justice. The counsel for the defendant responded to the court’s request for comment on such a motion by saying “No, sir. That motion is in the record.”
The court thereupon on its own motion declared a mistrial and discharged the jury.
The defendant then filed a motion to quash the indictment on the grounds that the discharge of the jury before verdict, without the consent of the defendant, for a reason legally insufficient and without necessity amounted to an acquittal and constituted a bar to the further trial or subsequent prosecution of defendant for the same offense. The court denied the motion to quash and set a date for the trial of defendant upon the same indictment.
The protection of an accused against being twice placed in jeopardy for the same offense is a guarantee afforded by the Florida Constitution, Section 12 of the Declaration of Rights, F.S.A., and Amendment V of the Constitution of the United States. Jeopardy of an accused has been defined as that time when one is put upon trial under an indictment or information sufficient in form and substance to sustain a conviction before a court of competent jurisdiction, with a jury having been impaneled, sworn, and charged with the deliverance of the defendant. When the trial has reached this stage the trial judge should exercise the power to discharge the jury only in cases of manifestly urgent and absolute necessity. Discharge of the jury for legally insufficient reasons, without an absolute necessity and without the defendant’s consent, is equivalent to an acquittal and precludes a subsequent trial for the same offense. State ex rel. Wheeler v. Cooper, Fla.App.1963, 157 So.2d 875.
The Florida Supreme Court lias given examples of what constitutes manifestly urgent or absolute necessity which would justify the discharge of the jury after jeopardy has attached. These are:' (a) the illness of the judge, the accused, or a juror *867 requiring the absence of any of them from the court, or (b) the inability of the jury to agree on a verdict after due and proper deliberation, or (c) consent of the accused. State ex rel. Williams v. Grayson, Fla.1956, 90 So.2d 710, 63 A.L.R.2d 777. This case also held that fear of reversible error was not an urgent or necessary reason for granting the state’s motion for mistrial absent the consent of the accused.
It appears that the trial court and the state attorney misconstrued the holding in the case of Deans v. State, supra. As we have held in the case of Lowdermilk v. State, Fla.App.1966, 186 So.2d 816, it is the fact that the trial judge examined and passed upon the qualifications of a sworn juror outside the presence of the defendant in violation of F.S.A. § 914.01 that constituted reversible error. The Florida Supreme Court has held that, where the defendant has voluntarily left the courtroom for a few minutes while his counsel was present, such absence is not a violation of defendant’s organic or statutory rights. Lowman v. State, 1920, 80 Fla. 18, 85 So. 166. We dwell on this point to clear up any confusion which may have resulted from the Deans and the Lowdermilk cases. Although the better practice is to require counsel for the defendant and the state to be present while any conversation takes place between the jury and the court, a casual conversation or exchange of remarks is not reversible error unless it violates the provisions of F.S.A. § 914.01.
Under the circumstances of this case the conversation between the court and the alternate juror is not reversible error, and even if it were error it would not constitute a manifestly urgent or necessary reason to grant a mistrial absent the defendant’s consent. State ex rel. Williams v. Grayson, supra.
The next question for determination is whether the defendant through her counsel consented to the discharge of the jury or waived her constitutional right against a subsequent trial for the same offense after the improper discharge of the jury.
In Allen v. State, 1906, 52 Fla. 1, 41 So. 593, the Florida Supreme Court held that the silence of the defendant on trial for a crime or his failure to object or protest against an illegal discharge of the jury before verdict does not constitute a consent to such discharge. Such conduct by the accused is not a waiver of the constitutional inhibition against a subsequent trial for the same offense after the improper discharge of the jury. See also State ex rel. Dato v. Himes, 1938, 134 Fla. 675, 184 So. 244; State ex rel. Alcala v. Grayson, 1945, 156 Fla. 435, 23 So.2d 484.
Here we have something more than a mere failure to object to the declaration of a mistrial. The statement by defense counsel to the state attorney that “You might even move for a mistrial” constitutes an invitation for a motion for a mistrial and implies consent to the granting of a mistrial. In addition, after the court indicated that it would consider a declaration of a mistrial, the court inquired of defendant’s counsel whether he had anything to say on the motion, whereupon counsel said “No, sir. That motion is in the record.” These statements by defendant’s counsel can only be interpreted as an expression of concurrence in the motion for mistrial.
Petitioner urges that counsel’s remarks, taken as a whole, and in the context in which they were uttered, constituted a “red flag warning” to the state attorney as in State ex rel. Alcala v. Grayson, supra, that the motion was the sole responsibility of the state attorney, that the petitioner did not join in it, did not consent to it and had absolutely nothing whatever to say concerning skid motion.
Accordingly, we are of the opinion that the statements made by petitioner’s counsel were not “red flag warnings” as in Grayson but that such remarks clearly manifest defendant’s willingness to accept the declaration of a mistrial and thereby *868 constituted sufficient consent to preclude petitioner from raising the defense of double jeopardy in her subsequent prosecution on the same indictment
The petition for prohibition is denied and the Rule Nisi discharged.
ALLEN, WILLIAM P., Associate Judge, concurs.
WALDEN, C. J., concurs, in part, and dissents, in part.