202 So.2d 901 (1967)
Coy KELLY, Appellant,
v.
STATE of Florida, Appellee.
Edward Jones WRIGHT, Appellant,
v.
STATE of Florida, Appellee.
Nos. 67-184, 67-220.
District Court of Appeal of Florida, Second District.
October 6, 1967.
Rehearing Denied October 27, 1967.
Robert E. Jagger, Public Defender, and Carleton L. Weidemeyer, Asst. Public Defender, Clearwater, for appellants.
*902 Earl Faircloth, Atty. Gen., Tallahassee, and William D. Roth, Asst. Atty. Gen., Lakeland, for appellee.
PIERCE, Judge.
These cases involve separate appeals by appellants Coy Kelly and Edward Jones Wright from judgments of conviction entered against them involving the same criminal charge.
Information was filed against Kelly and Wright jointly charging the breaking and entering of a dwelling house in Pinellas County with intent to commit a felony. After a joint jury trial in the Circuit Court for said County, the defendants being represented at all critical stages by the Public Defender's office, they were each found guilty of breaking and entering with intent to commit a misdemeanor and were thereafter adjudged guilty by the Court and sentenced to the State Prison. The defendants filed separate notices of appeal from said judgments but the cases have been consolidated for purpose of consideration by this Court.
In the appeal here defendants raised two points: (1) that the trial Court erred in denying their motion for a mistrial made when St. Petersburg police officer Lohde, when asked if he was on any "special assignment" on the evening defendants were arrested, replied "assigned to participate on the surveillance of two known felons"; and (2) the Court erred in denying their motions to suppress the evidence found upon a search of their automobile by the arresting officers. We have examined both points in the light of the record and briefs filed here and are impelled to affirm the judgments appealed.
1. The Statement by Officer Lohde.
The statement complained of, "assigned to participate on the surveillance of two knowns felons" was made by the police officer on direct examination when he was placed on the stand as a witness for the State. The record shows that defense counsel immediately objected and moved "that the answer be stricken as being prejudicial to the defendants". The Court granted the motion, properly instructed the jury to disregard it, and stated "[t]he answer will be stricken from the record."
The only motion made was to strike the answer of the witness and the Court went "all out" to grant that motion. No motion for mistrial was made at this point, and it was only after several more questions and answers were elicited that counsel for the accused moved for a mistrial, but even then frankly stated that "I feel that the Court has certainly done all it could to remedy the situation, but this does not necessarily erase the prejudicial effect from the minds of the jury". The Court at this point properly denied the motion for mistrial.
It will be noted that when the subject answer was given the officer at that time did not in any way identify the defendants as being the "two known felons". If no objection had been then made it is doubtful if the jury would have ever gotten the notion he was referring to the defendants. So actually it was this objection that first focused the attention of the jury to the defendants as being connected with the witness's answer.
Where "the answer presents evidence which is illegal or objectionable on any known ground, the proper practice is a motion to strike it out, and have the jury directed not to consider it, the movant specifying his objection to the evidence." Ortiz v. State, 1892, 30 Fla. 256, 11 So. 611; Robertson v. State, 1927, 94 Fla. 770, 114 So. 534. This is exactly what happened here.
And the question which prompted the witness's answer was not objected to. The officer upon interrogation had stated he was on "special assignment" and was then asked: "Would you explain to the Court and jury what this special assignment was?" Without objection, the witness gave the answer to which complaint is now made. The defendant in a criminal *903 prosecution may waive his right to have only competent evidence introduced by failure to make not only proper, but timely, objections to the question. Robertson v. State, supra. The purpose of an objection is to prevent the question from being answered until the Court's ruling can be obtained. Rowe v. State, 1935, 120 Fla. 649, 163 So. 22.
On the question of the motion for mistrial, aside from it being made too late, such motion should never be granted in the midst of a criminal trial unless there is an absolute legal necessity to stop the trial and discharge the jury. In State ex rel. Alcala v. Grayson, 1945, 156 Fla. 435, 23 So.2d 484, the Supreme Court said:
"In this state the rule has been long established and continuously adhered to that the power to declare a mistrial and discharge the jury should be exercised with great care and caution and should be done only in case of absolute necessity. Ellis v. State, 25 Fla. 702, 703, 6 So. 768; Allen v. State, 52 Fla. 1, 41 So. 593, 120 Am.St.Rep. 188, 10 Ann.Cas. 1085; Fails v. State, 60 Fla. 8, 53 So. 612, Ann.Cas. 1912B, 1146."
In the case sub judice, the trial Court certainly did not abuse its discretion in denying the motion for mistrial, but properly struck out the objectionable testimony complained of. While the answer was perhaps improper, the Court handled the difficult situation with propriety and will not be held in reversible error.
2. Admission in Evidence of the Fruits of the Search.
The arrest of defendants was made in the early evening on a busy highway. Their automobile was thereupon removed to a garage where it was searched about twenty minutes after the arrest. Considerable testimony was taken on the always-bothersome question of whether or not the officers had "probable cause" to legally justify the search without warrant of the automobile being used by the accused. The trial Court determined the issue adverse to the defendants and we are asked to overturn the trial Court's admission of the evidence procured in the search.
However, we do not reach the merits of the question, for the reason that defendants failed to have the issue determined prior to the trial by filing a pre-trial motion to suppress, which this Court has previously held to be not only proper but essential in such cases.
In Moffett v. State, Fla.App. 1965, 179 So.2d 408, this Court had the identical question presented, where the defendant waited until the trial was in progress to raise the question of the alleged unlawful search, holding it was then too late in the absence of a pre-trial determination. The second headnote in Moffett succinctly states the procedural rule obtaining in this jurisdiction, as follows:
"Objection to evidence on ground that it was obtained by unlawful search and seizure ordinarily comes too late where made for first time at trial."
The opinion in Moffett points out three areas where the question may properly be raised for the first time at trial, viz: (1) where opportunity for a pre-trial motion "did not exist", (2) where the defendant "was not aware" of the grounds for the motion, and (3) where the unlawful search "appeared from an admitted or uncontroverted state of fact or from the face of the warrant or affidavit upon which it was based, therefore raising only a question of law". It was said that (text 179 So.2d 412):
"[t]he reason stated for the rule requiring such a motion prior to trial was that a court will not halt trial of litigation in chief and embark upon trial of controverted fact issues for the purpose of determining the competency or admissibility of proffered evidence as against an objection that it was procured by illegal means."
*904 There is no contention here that the instant case comes within any of the exceptions before enumerated permitting the point to be raised initially during trial. On the contrary it is conceded to be strictly a question of fact surrounding the circumstances of the arrest and search. In such situation it was incumbent upon defendants to have the matter determined before trial under the doctrine announced in Moffett.
It follows that the judgments appealed from must be and they are
Affirmed.
SHANNON, Acting C.J., and HOBSON, J., concur.