DOWNEY, Judge.
In September 1973, appellant was brought to trial before a jury upon a charge of unlawfully aiding or assisting in the setting up, promoting or conducting a lottery in violation of § 849.09(1) (d), F.S. 1973. During the course of appellant’s trial his counsel called the court reporter as a witness for the purpose of impeaching the testimony of one of the state’s witnesses. It appears that the state witness had previously testified at an earlier proceeding which the court reporter had attended. However the testimony had not been transcribed. Defense counsel sought to have the court reporter testify from his stenographic notes. The state objected to the reporter testifying in the absence of a transcript. The trial judge then indicated he would continue the trial for a few days to allow a transcript to be prepared. With that the state “moved for an interlocutory appeal and to have [the case] continued until the appeal [was] heard. . . .” After the court granted said motion, the state voiced concern about the status of the trial jury. Thereafter on the state’s motion that it declare “a court mistrial,” the court declared a mistrial and discharged the jury.
No appeal was filed by the state, perhaps for obvious reasons.
Before appellant was brought to trial again in September 1974, he moved for discharge on the ground, among others, of *158 prior jeopardy. Said motion was denied. Appellant was thereafter tried, convicted, and sentenced to three years imprisonment.
Although appellant raises several questions in his brief, we need not treat them all since we are persuaded that his motion for discharge on the ground of prior jeopardy was well founded.
“A person is placed in jeopardy when he is put upon trial under an indictment or information sufficient in form and substance to sustain a conviction before a court of competent jurisdiction and a jury has been impaneled and sworn to try the case and charged with his deliverance. Allen v. State, 52 Fla. 1, 41 So. 593.” State ex rel. Williams v. Grayson, Fla.1956, 90 So.2d 710, 713. Once jeopardy has attached the trial judge should discharge the jury before verdict only in cases of manifest urgency or necessity. Discharge of the jury for legally insufficient reasons, without the defendant’s consent, is equivalent to an acquittal and^precludes a subsequent trial for that offense. State ex rel. Williams v. Grayson, supra.
We find no justification in the record for the discharge of the jury in appellant’s first trial. The appellant’s proposed impeachment of a witness via the court reporter and his stenographic notes would have been proper. In any event, the entry of an order continuing the trial for several days so the reporter might prepare a transcript was within the trial court’s discretion. The state’s suggestion that it was going to take an interlocutory appeal in the middle of the trial had no foundation in the statutes, rules, or case law of this state. And such a suggestion did not constitute a sufficient legal reason, or show any manifest urgency or necessity for the court to declare a mistrial; thus the declaration thereof by the court at the first trial amounted to an acquittal of appellant precluding his subsequent trial and conviction.
Accordingly, the judgment and sentence appealed from are reversed and the cause is remanded with directions to discharge the appellant.
Reversed and remanded.
WALDEN, C. J., and OWEN, J., concur.