PER CURIAM.
This is an appeal from a criminal conviction and sentence in which the sole point on appeal is whether the prosecution below was barred by double jeopardy. We have concluded that there was a manifest necessity for the trial court to declare, as it did, a mistrial on its own motion during a prior trial of this cause when (a) one of the jurors indicated in the course of the trial that he could no longer fairly judge the defendant’s guilt or innocence, (b) no alternate juror was available to take the above juror’s place, and (c) the defendant indicated that he did not want the above juror to sit, did not want to be tried by a five-person jury, and would not move for a mistrial. Moreover, we are unpersuaded that the trial court was obligated to attempt to bring back a juror, who had been previously replaced by an alternate juror after the jury had been sworn, as that juror was not in court and had not heard any part of the trial up to that point. The trial court was, therefore, correct in declaring a mistrial based on a manifest necessity and in denying the defendant’s subsequent motion to dismiss the information as being barred by double jeopardy. See e.g., State ex rel. Williams v. Grayson, 90 So.2d 710 (Fla.1956).
Affirmed.