GLICKSTEIN, Judge.
This is an appeal from a judgment adjudicating appellant guilty of aggravated battery with a firearm and sentencing him to imprisonment for fifteen years. We reverse and remand with direction to discharge appellant.
Our decision is unfortunate but necessary — unfortunate because the determination of the guilt or innocence of this defendant, which is the initial goal of an efficient criminal justice system, will never be determined; and necessary because to decide otherwise would be a clear violation of appellant’s constitutional right to be free from double jeopardy.
Appellant was convicted at his second jury trial. During his first trial, after the defense had rested, the prosecution indicated that it wished to call rebuttal witnesses, including the victim’s father, who had not been on the prosecution’s witness list. After the father’s testimony, the trial court indicated, as it had earlier, that it would permit the defense to call surrebuttal ’witnesses. The prosecution then successfully moved for a mistrial, over the objection of the defense, upon the ground that it was prejudiced by court permitting the surre-buttal witnesses to testify.
Thereafter appellant moved for dismissal of the charge upon the ground that to retry him would constitute double jeopardy in violation of article V, United States Constitution, and article 1, section 9, Florida Constitution. The successor trial judge denied the motion solely on the ground that earlier in the first trial appellant had asked for a mistrial, arising out of an entirely different matter. The motion should have been granted for two reasons. First, the earlier motion of the defense had nothing to do with the ruling upon the prosecution’s subsequent motion; and there was plainly no consent by the defense to the prosecution’s motion. Second, the initial trial judge should not have granted the prosecution’s motion for rpistrial as there was no absolute necessity for doing so. Upon this latter *77 point, in Jackson v. State, 419 So.2d 394, 397 (Fla. 4th DCA 1982), we held it was not error on the part of the trial court to deny appellant’s motion for mistrial and relied upon the following language (and more) in Salvatore v. State, 366 So.2d 745, 750 (Fla. 1978), cert. denied, 444 U.S. 885, 100 S.Ct. 177, 62 L.Ed.2d 115 (1979):
In this State the rule has been long established and continuously adhered to that the power to declare a mistrial and discharge the jury should be exercised with great care and caution and should be done only in cases of absolute necessity.
In the present case, the trial court could have recessed the trial to enable the state to depose the surrebuttal witnesses, whose proposed testimony was being occasioned by the state’s belated announcement of a rebuttal witness; therefore, a mistrial was unnecessary. The prosecution’s motion was made at its peril; and the granting thereof without a legally sufficient basis therefor nor appellant’s consent thereto precluded a second trial because of the prohibition against double jeopardy. See State ex rel. Williams v. Grayson, 90 So.2d 710 (Fla.1956).
DOWNEY, J., concurs.
LETTS, C.J., dissents without opinion.