PER CURIAM.
The petitioner, Roberto Feria, petitions this court to issue a writ prohibiting his reprosecution based on the constitutional prohibition against double jeopardy. We grant the writ of prohibition.
During the state’s redirect examination of one of its witnesses the trial court, sua sponte, and without the defendant’s consent, declared a mistrial and discharged the jury. The defendant’s silence when the trial court granted the mistrial cannot be construed as consent. See State v. Grayson, 90 So.2d 710 (Fla.1956); Allen v. State, 52 Fla. 1, 41 So. 593 (1906); State v. McNeil, 362 So.2d 93 (Fla. 1st DCA 1978). Moreover, a trial court may only discharge a jury when there is a “manifest necessity” for the act. United States v. Perez, 22 U.S. (9 Wheat.) 579, 6 L.Ed. 165 (1824); State v. Grayson, 90 So.2d 710 (Fla.1956).
In the instant case, the mistrial was not dictated by manifest necessity. In fact, the trial court had no legally sufficient reason to declare a mistrial. Therefore, “the discharge is equivalent to an acquittal and precludes a subsequent trial for the same offense.” Grayson, 90 So.2d at 713. Any retrial would violate the defendant’s constitutional right not to be placed in double jeopardy.
Writ of prohibition issued.