ALTENBERND, Judge,
concurring.
In addition to the withhold of adjudication on the charge of burglary involved in this appeal, the trial court adjudicated C.A.K. delinquent on two charges of retail theft. Thus, our decision today does not alter the adjudication of delinquency. I write separately to make two observations.
First, the defense attorney’s statements in the quoted portion of the transcript are almost sufficient to constitute a consent to the mistrial as described in Adkins v. Smith, 197 So.2d 865 (Fla. 4th DCA 1967), cert, discharged, 205 So.2d 530 (Fla.1967). If the trial judge had asked the defense attorney whether he agreed with the prosecutor that a mistrial was necessary, the result might have been different.
Second, this case does not involve a trial by jury- In a nonjury setting, the same judge can preside as the trier of fact at a second setting of the case. If a trial judge continues the proceeding, rather than declaring a mistrial, and arranges for another attorney to represent the juvenile in the remainder of the case, a technical violation of double jeopardy may be avoided. See R.M. v. State, 603 So.2d 64 (Fla. 3d DCA 1992).