PER CURIAM.
Michael Archie appeals from a sentence imposed for violation of probation, com *1008 plaining that the lower court violated his constitutional right not to be placed in jeopardy for the same offenses by setting aside a valid jury verdict and accepting his pleas to lesser offenses, which led to the sentences he now appeals. We disagree and affirm.
Following the jury’s return of inconsistent verdicts for the offenses of felony murder with the underlying felony being robbery, and the lesser offense of petit theft to that of robbery, the lower court, before accepting the verdicts, asked the parties if they could resolve the dilemma without the necessity of a new trial. Appellant thereafter entered pleas of nolo contendere to the lesser offense of manslaughter as to the murder offense and to robbery as charged, and received a sentence imposing a period of incarceration followed by probation. The appellant was subsequently released from prison and commenced probation, which he violated and the present sentence was imposed, leading to his double jeopardy complaint.
What appellant apparently overlooks is that the lower court never accepted the verdicts returned by the jury; hence the finality required for the application of double jeopardy never arose. See Pruitt v. State, 830 So.2d 895 (Fla. 2d DCA 2002).
AFFIRMED.
ERVIN, DAVIS and LEWIS, JJ., concur.