ADAMS, ALTO (Ret.), Associate Judge.
This is an original proceeding in the District Court of Appeal, Fourth District, filed pursuant to the authority set forth in Article V, Section 5(3) of the Constitution of the State of Florida and F.A.R. 4.5(d), 32 F.S.A. The petitioners, William Taylor Richmond and John Tolen Sullivan, were charged with grand larceny in Case No. 95329-X, by an information filed in the Broward County Court of Record on August 16, 1965. After the filing of preliminary motions, the case proceeded to trial on March 27, 1967, before the Honorable Douglas S. Lambeth, Judge of the Court of Record in and for Broward County, Florida, both petitioners having previously waived their right to jury trial. After six witnesses testified for the State of Florida, the assistant county solicitor requested a continuance and the case was reset for March 28, 1967 at 2:30 p. m.
The trial resumed on March 28, 1967, and three more witnesses testified on behalf of the State of Florida. At the conclusion of this testimony, the case was again reset for the next afternoon, March 29, 1967, at 2:00 p. m. However, no further proceedings were had in regard to the case at that time. On April 8, 1968, the case was scheduled for trial before the Honorable William Clayton Johnson, one of the Judges of the Court of Record, in and for Broward County, Florida, the case having been assigned to him when the Honorable Douglas S. Lambeth announced his resignation from the bench, effective May 1, 1968. At this time the State of Florida requested a continuance, which request was denied and the state then announced that it rested its case. At this time, the petitioners also announced in open court that they would rest their case. On November 5, 1968, the Honorable Robert W. Tyson, Jr., the respondent and successor to Judge Douglas S. Lambeth, signed an amended order stating that although counsel for both defendants objected, he was declaring a mistrial in this case and ordered the case reset for a new trial. *346 On November 13, 1968, the petitioners filed a motion to dismiss the information on the grounds that to proceed further in this matter would constitute double jeopardy. The motion was denied by the respondent on November 15, 1968. Whereupon defendants petitioned this court for a writ of prohibition which we granted in the form of a rule nisi. Return has come in, briefs filed and oral argument presented.
The question is whether there was proper reason to declare the mistrial thereby subjecting defendants to double jeopardy which is prohibited by the constitution.
The state properly concedes that defendants were in jeopardy. The question is whether it was imperative under the circumstances that the mistrial be declared.
We need only to refer to the able opinion written by Mr. Justice Thornal in the case of State ex rel. Williams v. Grayson for guidance and decision. It is there stated that a mistrial should only be ordered when there is “manifestly urgent and absolute necessity”.
In reasoning what is urgent necessity the court said:
“(a) the illness of the judge, the accused, or a juror requiring the absence of any of them from the court, or (b) the inability of the jury to agree on a verdict after due and proper deliberation, or (c) a consent of the accused himself.” State ex rel. Williams v. Grayson, Fla. 1956, 90 So.2d 710, 63 A.L.R.2d 777.
See also Reyes v. Kelly, Fla.App.1967, 204 So.2d 534; and State ex rel. Hand v. Lane, Fla.App.1968, 209 So.2d 873.
Surely the court might have recalled the witnesses who had testified before the resigned judge rather than risk ending the case in this fashion. The case had been prolonged much as an ordinary civil case and was finally disposed of in a manner which did not measure up to the standard of “urgent necessity”.
It is our judgment therefore that the rule absolute will issue.
So ordered.
REED, J., concurs.
CROSS, C. J., dissents.