PER CURIAM.
The factual background, history and legal questions involved are set forth in the opinion of the District Court of Appeal reported as State ex rel. Richmond v. Tyson, Fla.App., 226 So.2d 345, and it would serve no useful purpose to repeat them here. The District Court, in issuing a writ of prohibition, relied for its authority on the case of State ex rel. Williams v. Grayson, Fla., 90 So.2d 710, and with particular emphasis on that part of the opinion which said:
"Illustrative of the urgent or necessary reasons that would justify the discharge of the jury at the stage of the trial mentioned would be: (a) the illness of the judge, the accused, or a juror requiring the absence of any of them from the court, or (b) the inability *812 of the jury to agree on a verdict after due and proper deliberation, or (c) a consent of the accused himself.” (Italic supplied)
The reasons stated were only illustrative for conditions that would justify a mistrial and were not exclusive.
The case sub judice is controlled by Adkins v. Smith, Fla., 205 So.2d 530, which contains a full discussion of the question of mistrial with particular emphasis on the judicial principle announced by the Supreme Court of the United States in Gori v. United States, 367 U.S. 364, 81 S.Ct. 1523, 6 L.Ed.2d 901.
Under the authority of Adkins v. Smith, supra, the decision under review is reversed with directions to vacate the writ of prohibition and dismiss the cause.
It is so ordered.
ERVIN, C. J., ROBERTS, DREW, CARLTON, ADKINS and BOYD, JJ., and MURPHREE, Circuit Judge, concur.