418 So.2d 385 (1982)
STATE of Florida, Appellant,
v.
Donald Robert BOOTH and Bertram Mark Schwartz, Appellees.
No. AF-23.
District Court of Appeal of Florida, First District.
August 18, 1982.
*386 Jim Smith, Atty. Gen., and Wallace E. Allbritton, Asst. Atty. Gen., for appellant.
John D. O'Brien, Panama City, for appellee Booth.
John Steven Berk, Fort Lauderdale, for appellee Schwartz.
BOOTH, Judge.
The State appeals an order dismissing informations filed against appellees Booth and Schwartz on grounds prosecution on such charges would violate the Florida and United States Constitutional prohibitions against double jeopardy. See U.S.Const. Amend. V; Fla. Const. Art. I § 9. Both the United States and the State of Florida filed charges against appellees after they landed an aircraft loaded with marijuana in excess of 1,000 pounds at Pensacola Airport. The federal indictment contained four counts: Counts I and II alleged conspiracy to possess marijuana in excess of 1,000 pounds and possession with the intent to distribute same, in violation of Title 21, United States Code, Sections 841(a)(1) and 846, and Title 18, United States Code, Section 2; and Counts III and IV alleged conspiracy to import marijuana in excess of 1,000 pounds and importation of same, in violation of Title 21, United States Code, Sections 952 and 963, and Title 18, United States Code, Section 2. The maximum penalty for such offenses was 40 years imprisonment and a fine of up to $125,000. Title 21, United States Code, Section 841(b)(1)(B). Appellees were subsequently tried and adjudicated guilty as charged on all four counts in United States District Court. Appellee Booth was sentenced to two twelve-year and two five-year terms of imprisonment, all to run concurrently, and fined $75,000. Appellee Schwartz was sentenced to two fifteen-year and two five-year terms of imprisonment, all to run concurrently, and fined $100,000.
The state information contained three counts: Count I alleged possession of more than 20 grams of cannabis, and Count II, possession with intent to sell same, in violation of Sections 893.13(1)(a) and (e), Florida Statutes; and Count III alleged importation of in excess of 100 pounds of cannabis, in violation of Section 893.135(1)(a). The maximum penalty under Florida law was 40 years imprisonment and a $25,000 fine. Appellees' motion to dismiss the state information on double jeopardy grounds was granted by the trial court, who found that the interests to be protected and the penalties to be imposed in the state and federal proceedings were substantially similar.
The general rule under the doctrine of "dual sovereignty" is that a defendant may constitutionally be tried for violations of state and federal laws arising from the same criminal episode. Bartkus v. Illinois, 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959); United States v. Wheeler, 435 U.S. 313, 98 S.Ct. 1079, 55 L.Ed.2d 303 (1978). However, a number of states, while recognizing *387 the continued validity of this doctrine, have declined to permit state prosecution following federal prosecution for the same offense where the interests of both sovereigns are substantially similar. Annotation, "Conviction or Acquittal in Federal Court as Bar to Prosecution in State Court for State Offense Based on Same Facts  Modern View," 6 A.L.R. 4th 802; Commonwealth v. Mills, 447 Pa. 163, 286 A.2d 638, 643 (1971); People v. Cooper, 398 Mich. 450, 247 N.W.2d 866 (1975).
We adhere to the settled doctrine of dual sovereignty and hold no violations of defendants' constitutional guarantees against double jeopardy have occurred in this case.[1] The order granting appellees' motions to dismiss is reversed. The following question is certified to the Florida Supreme Court:
ARE SUCCESSIVE PROSECUTIONS IN FEDERAL AND FLORIDA COURTS ON CHARGES ARISING OUT OF THE SAME TRANSACTION INVOLVING VIOLATIONS OF DRUG LAWS OF BOTH SOVEREIGNS BARRED BY DOUBLE JEOPARDY?
REVERSED and REMANDED.
SHIVERS and JOANOS, JJ., concur.
NOTES
[1] Cf. Hernandez v. State, 397 So.2d 715 (Fla. 1st DCA 1981).