436 So.2d 36 (1983)
Donald Roberts BOOTH, Petitioner,
v.
STATE of Florida, Respondent.
Bertram Mark SCHWARTZ, Petitioner,
v.
State of Florida, Respondent.
Nos. 62561, 62559.
Supreme Court of Florida.
June 9, 1983.
Rehearing Denied September 16, 1983.
John D. O'Brien, Panama City, for Booth; and John S. Berk, Fort Lauderdale, for Schwartz.
*37 Jim Smith, Atty. Gen. and Wallace E. Allbritton, Asst. Atty. Gen., Tallahassee, for respondent.
SHAW, Justice.
Petitioners seek review of a district court of appeal decision, State v. Booth, 418 So.2d 385 (Fla. 1st DCA 1982), certifying a question to be of great public importance. We have jurisdiction. Art. V, § 3(b)(4), Fla. Const.
Petitioners were arrested at the Pensacola Municipal Airport and charged by both the United States and the State of Florida with illegal possession of marijuana. The federal indictments contained four counts: Counts I and II alleged conspiracy to possess marijuana in excess of one thousand pounds and possession with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846 (1980), and 18 U.S.C. § 2 (1980); Counts III and IV alleged conspiracy to import marijuana in excess of one thousand pounds and importation of same, in violation of 21 U.S.C. §§ 952 and 963 (1980), and 18 U.S.C. § 2 (1980).
The state information contained three counts: Count I alleged possession of more than twenty grams of cannabis in violation of section 893.13(1)(e), Florida Statutes (Supp. 1980); Count II alleged possession with intent to sell, in violation of section 893.13(1)(a), Florida Statutes (Supp. 1980); Count III alleged importation of more than one hundred pounds of cannabis, in violation of section 893.135(1)(a), Florida Statutes (Supp. 1980).
Petitioners were tried and adjudicated guilty as charged on all four counts of the federal indictment in the United States District Court. Petitioner Booth was sentenced to two twelve-year and two five-year terms of imprisonment to run concurrently and fined $75,000. Petitioner Schwartz was sentenced to two fifteen-year and two five-year terms of imprisonment to run concurrently and fined $100,000.
Petitioners subsequently filed motions to dismiss the state information on double jeopardy grounds. The trial court granted the motions, reasoning that the interests to be protected and the penalties to be imposed in the state and federal proceedings were substantially similar. In reversing, the district court adhered to the doctrine of dual sovereignty and certified the following question to this Court:
ARE SUCCESSIVE PROSECUTIONS IN FEDERAL AND FLORIDA COURTS ON CHARGES ARISING OUT OF THE SAME TRANSACTION INVOLVING VIOLATIONS OF DRUG LAWS OF BOTH SOVEREIGNS BARRED BY DOUBLE JEOPARDY?
418 So.2d at 387.
Our answer is no. We are not unaware that a number of states, although continuing to recognize the doctrine of dual sovereignty, have declined to permit a state prosecution following a federal prosecution for the same offense where the state and federal interests are identical and are served by the single federal prosecution. People v. Cooper, 398 Mich. 450, 247 N.W.2d 866 (1976); Commonwealth v. Mills, 447 Pa. 163, 286 A.2d 638 (1971). The petitioners ask that we join these states by holding that the State of Florida cannot prosecute when there has been a federal prosecution growing out of the same facts, and the interests to be protected and the penalties to be imposed in the federal and state prosecutions are substantially similar. We decline to do so. In allowing prosecutorial discretion in such situations, we perceive no violation of constitutional guarantees against double jeopardy and accordingly adhere to the doctrine of dual sovereignty established by federal and Florida case law. United States v. Wheeler, 435 U.S. 313, 98 S.Ct. 1079, 55 L.Ed.2d 303 (1978); Abbate v. United States, 359 U.S. 187, 79 S.Ct. 666, 3 L.Ed.2d 729 (1959); Bartkus v. Illinois, 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959); Strobhar v. State, 55 Fla. 167, 47 So. 4 (1908). We recognize that there may well be sound policy reasons for the adoption of a prosecutorial policy by the state executive branch similar to the federal policy, whereby the state would not bring a state prosecution following a federal prosecution, absent a compelling state interest. Petite v. *38 United States, 361 U.S. 529, 80 S.Ct. 450, 4 L.Ed.2d 490 (1960). Nevertheless, such a policy is not constitutionally mandated by either the United States or Florida Constitutions, and we decline to establish or formulate prosecutorial policy under the guise of constitutional pronouncements. Rinaldi v. United States, 434 U.S. 22, 98 S.Ct. 81, 54 L.Ed.2d 207 (1977). The result of our decision is to allow prosecutorial discretion by the state following a federal prosecution for the same offense.
The decision and opinion of the district court is approved.
It is so ordered.
ALDERMAN, C.J., and BOYD and OVERTON, JJ., concur.
EHRLICH, J., concurs with an opinion, with which BOYD, J., concurs.
McDONALD, J., dissents with an opinion, with which ADKINS, J., concurs.
EHRLICH, Justice, concurring.
I agree with the majority that nothing in the provisions of either the Florida or the United States Constitutions supports a conclusion that double jeopardy precludes the state from prosecution on charges for which the federal courts have already prosecuted, convicted and sentenced an individual. The federal rule against duplication of state and federal prosecutions, the so-called Petite doctrine, Petite v. United States, 361 U.S. 529, 531, 80 S.Ct. 450, 4 L.Ed.2d 490 (1960), is not based on constitutional imperatives, but is rather an agency policy formulated by the Justice Department.
Because in Florida's scheme of governmental organization there is no agency analogous to the federal Justice Department with power to formulate policy binding on all state attorneys, the exercise of prosecutorial discretion must be left to the state attorneys in the individual judicial circuits. Thus, on this issue there can be no guarantee of statewide uniformity or continuity unless legislative action is taken. In light of the strong policy arguments for the adoption of a limitation on duplication of prosecutions  especially the deleterious effect the prospect of inevitable future imprisonment may have on the individual's motivation to cooperate with rehabilitative procedures  I would recommend to the legislature the consideration of the Petite doctrine for possible adaptation to and implementation in Florida law.
BOYD, J., concurs.
McDONALD, Justice, dissenting.
Relying on Bartkus v. Illinois, 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959), the majority holds that successive federal and state prosecutions for the same offense are not barred by the double jeopardy clauses of either the United States or Florida Constitutions. I dissent regarding the majority's interpretation of the scope of Florida's double jeopardy clause.
Bartkus was predicated on a "dual sovereignty" analysis, but decisions rendered by the United States Supreme Court after Bartkus tend to erode the foundation of Bartkus' "dual sovereignty" doctrine. In Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969), the Court did what it had refused to do ten years earlier in Bartkus; it held the fifth amendment to be a fundamental right and, consequently, applicable to the states through the fourteenth amendment. In Elkins v. United States, 364 U.S. 206, 80 S.Ct. 1437, 4 L.Ed.2d 1669 (1960), the Court rejected the dual sovereignty doctrine; evidence obtained by state authorities during a search, which if conducted by federal officers would have violated the fourth amendment, is also excluded at the federal level. In Murphy v. Waterfront Commission of New York Harbor, 378 U.S. 52, 84 S.Ct. 1594, 12 L.Ed.2d 678 (1964), the Court again refused to apply the dual sovereignty doctrine, holding that a state may not constitutionally compel a witness to testify when that testimony might be used against him in a federal prosecution.
Although cases such as these make the present validity of the dual sovereignty doctrine as applied to the fifth amendment questionable, Bartkus has not been expressly *39 overruled. However, the Court in Bartkus specifically recognized that the state is in the best position to determine whether its individual statutes or constitutional provisions bar successive prosecutions based upon an "understanding of the scope of the bar that has been historically granted in [that] State." 359 U.S. at 138, 79 S.Ct. at 686. The question is what is the scope of Florida's double jeopardy clause in this situation.
I consider first whether a somewhat modified dual sovereignty doctrine approach, referred to in the majority opinion, satisfies the requirements of Florida's double jeopardy clause. In Commonwealth v. Mills, 447 Pa. 163, 286 A.2d 638 (1971), the Supreme Court of Pennsylvania held that the state's double jeopardy clause bars a second prosecution and imposition of punishment for the same offense unless it appears from the record that the interests of Pennsylvania and of the jurisdiction which initially prosecuted and imposed punishment are substantially different. The use of "interest analysis" by the court in Mills is based on the court's understanding of the "dual sovereignty" doctrine of Bartkus.
When one examines the "dual sovereignty" doctrine as it applies to the double jeopardy clause, we are really involved in a balancing process, whereby we place the interests of the two sovereigns on one side of the judicial scale, and on the other side we place the interest of the individual to be free from twice being prosecuted and punished for the same offense.
447 Pa. at 169, 286 A.2d at 640-41. The Mills court then stated that the problem with Bartkus was its failure to recognize that the two sovereigns might have the same interests and, more importantly, that Bartkus failed to examine the interest of the individual.
The interest analysis approach developed in Mills limits the dual sovereignty doctrine of Bartkus. Bartkus, based on principles of federalism, holds that the fact that two different sovereigns are involved is sufficient to prevent the protections of double jeopardy from barring a subsequent prosecution. Mills limits the application of the dual sovereignty doctrine as a bar to the double jeopardy defense to situations in which the sovereigns' interests are substantially different.
In People v. Cooper, 398 Mich. 450, 247 N.W.2d 866 (1976), the Supreme Court of Michigan further developed the "interest analysis" involved in determining whether the sovereigns' interests are substantially different. The court set out factors which should be considered in making this determination:
[W]hether the maximum penalties of the statutes involved are greatly disparate, whether some reason exists why one jurisdiction cannot be entrusted to vindicate fully another jurisdiction's interests in securing a conviction, and whether the differences in the statutes are merely jurisdictional or are more substantive.
398 Mich. at 461, 247 N.W.2d at 871.
The interest analysis of Mills and Cooper conflicts with the historical focus and purpose of Florida's double jeopardy clause. In Mills the court purports to balance the interests of the two sovereigns involved against the interest of the individual in not being placed in jeopardy twice. Despite the fact that the court discusses the interests of the individual, the focus of interest analysis is solely on the interests of the sovereigns involved. If the sovereigns' interests are determined to be substantially different, a defense based on double jeopardy is entirely foreclosed. Thus the similarity of interests of the sovereigns is dispositive.
By contrast, Florida's double jeopardy clause has historically focused upon the protection of the rights of the individual. The purpose of the double jeopardy clause is clearly set forth in this Court's decision in Bizzell v. State, 71 So.2d 735, 738 (Fla. 1954):
The right to be placed in jeopardy only once for the same offense is guaranteed to every citizen. It is not for the purpose of protecting criminals, but is to protect the citizens against the once-existing power of the State, or the sovereign, to continue prosecutions and trials of the *40 same person for the same offense until a conviction is obtained, or the defendant is ruined by the time, expenses and annoyance of such successive prosecutions... . These rights curtail and restrain the power of the State. It is more important to preserve them, even though at times a guilty man may go free, than it is to obtain a conviction by ignoring or violating them. The end does not justify the means.
The dual sovereignty doctrine's emphasis on the sovereign in prosecution conflicts with the emphasis of the double jeopardy clauses on protecting the individual.
Finally, the purpose of Florida's double jeopardy clause can only be achieved by barring successive prosecutions by two sovereigns for the same offense. In State ex rel. Alcala v. Grayson, 156 Fla. 435, 23 So.2d 484 (1945), this Court recognized that the "right to plead former jeopardy was sanctioned by the ancient common law and has long been guaranteed by our constitution." 156 Fla. at 436, 23 So.2d at 484.
Mr. Justice Black's dissenting opinion in Bartkus traces the common law foundations and protections of double jeopardy.
[T]he basic and recurring theme has always simply been that it is wrong for a man to "be brought into Danger for the same Offense more than once." ... If double punishment is feared, it hurts no less for two "Sovereigns" to inflict it than for one. If danger to the innocent is emphasized, that danger is surely no less when the power of State and Federal Governments is brought to bear on one man in two trials, than when one of these "Sovereigns" proceeds alone. In each case, inescapably, a man is forced to face danger twice for the same conduct.
359 U.S. at 155, 79 S.Ct. at 697-98 (footnote omitted). This Court has long held that the protection of the individual is so fundamental that double jeopardy "does not depend upon the result, or probable result, of the trial, but rather upon the fact of trial." Grayson, 156 Fla. at 437, 23 So.2d at 484. Because the protection against double jeopardy is so fundamental, I would interpret article I, section 9 of the Florida Constitution to proscribe a successive Florida prosecution when the elements necessary to prove the state's case are no different than those necessary to prove the government's case in a United States prosecution.[*]
ADKINS, J., concurs.
NOTES
[*] The test to determine "whether two charges are separate and distinct and may be each prosecuted is whether one of the charges requires proof of an additional fact which the other does not." State v. Shaw, 219 So.2d 49, 51 (Fla. 2d DCA 1969) (emphasis in original).