463 So.2d 201 (1985)
Raymond KOON, Appellant,
v.
STATE of Florida, Appellee.
No. 63322.
Supreme Court of Florida.
January 10, 1985.
Rehearing Denied March 4, 1985.
*202 Thomas S. Biggs, Jr., Naples, for appellant.
Jim Smith, Atty. Gen., Frank Lester Adams, III, and Katherine V. Blanco, Asst. Attys. Gen., Tampa, for appellee.
ADKINS, Justice.
This case is before us on direct appeal from a circuit court judgment adjudicating Raymond Leon Koon guilty of first-degree murder. The sentence of death was imposed by the trial judge following a jury recommendation of death. We have jurisdiction pursuant to article V, section 3(b)(1), Florida Constitution, and reverse appellant's conviction and remand for a new trial. We find that the trial court erred in requiring appellant's wife to testify as to confidential communications between them.
On March 20, 1979, an agent for the United States Secret Service arrested Joseph Edward Dino on counterfeiting charges. Dino agreed to cooperate with the government and implicated Raymond Leon Koon [hereinafter appellant] as a co-counterfeiter and agreed to testify against appellant. On May 31, 1979, appellant was *203 arrested and charged with possession, and delivery of counterfeit currency, and was subsequently indicted by a federal grand jury.
The government's case against appellant never went to trial because informant Dino was murdered on November 21, 1979. The counterfeiting charges were dismissed; however, appellant eventually pled guilty to two federal counts including conspiracy to threaten a witness in a judicial proceeding resulting in the death of Joseph Dino. He was sentenced to seventy-five years on the primary count.
Appellant was thereafter indicted by a state grand jury in Collier County, Florida, for the murder of Dino. The facts presented at trial show that appellant and his nephew, J.L. Koon, lured Dino to a public parking lot in Hialeah, Florida, where appellant beat Dino and then, with the help of the nephew, forcibly placed Dino in the nephew's car. They then drove into the Everglades west of Miami where appellant and Dino got out of the car and walked down into a rock pit, away from the nephew who had been ordered by appellant to stay in the car. Approximately eight minutes later, the nephew heard a shotgun blast, went to investigate, and found Dino dead in a lake in the rock pit.
Appellant argues that the state indictment and trial violated his rights against double jeopardy. Appellant's contention is based upon the proposition that the Florida prosection was a "sham and a cover for a federal prosecution." Bartkus v. Illinois, 359 U.S. 121, 124, 79 S.Ct. 676, 678, 3 L.Ed.2d 684 (1959).
Successive prosecutions in state and federal courts have long been held constitutionally permissible. Id. This Court confirmed the constitutionality of such successive prosecutions in federal and Florida courts in Booth v. State, 436 So.2d 36 (Fla. 1983). The result of our decision in that case was to "allow prosecutorial discretion by the state following a federal prosecution for the same offense." Id. at 38. However, such prosecutional discretion does have its constitutional limitations. In Bartkus, the United States Supreme Court alluded to those limitations in finding that a state prosecution subsequent to a federal prosecution for the same offense may, under certain circumstances, be held to violate the prohibition against double jeopardy if the state prosecution is "merely a tool of the federal authorities." Bartkus, 359 U.S. at 123, 79 S.Ct. at 678. Bartkus stands for the proposition that federal authorities are proscribed from using state processes to accomplish that which they cannot constitutionally do themselves under the fifth amendment. We agree, but further note that the burden of establishing that federal authorities are using and controlling the state processes is substantial; the appellant must show that the state authorities had little or no independent volition in the state court proceedings. United States v. Liddy, 542 F.2d 76, 79 (1976).
Appellant has not met that burden of proof in the instant case. The mere fact that an assistant United States attorney was appointed by the state to participate in prosecuting appellant on behalf of the state on the state charges and that the same investigator of the federal charges against appellant was involved in the state process does not alone turn the state trial into a sham. Law enforcement cooperation between state and federal authorities is a welcome and necessary innovation. Thus, we reject the contention that the federal prosecution and subsequent Florida prosecution violated appellant's right against double jeopardy.
Appellant argues that the trial court erred in requiring appellant's wife to testify to confidential communications between them.
At trial, Peggy Koon, the wife of appellant, was required to testify with respect to communications between her and appellant. Mrs. Koon testified to a conversation between her and appellant in a telephone call on the evening of November 21 and about communications between the two of them, later that night, wherein appellant was alleged to have admitted murdering Dino.
*204 The husband-wife privilege is delineated in section 90.504, Florida Statutes (1981), which provides in pertinent part as follows:
(1) A spouse has a privilege during and after the marital relationship to refuse to disclose, and to prevent another from disclosing, communications which were intended to be made in confidence between the spouses while they were husband and wife.
(2) The privilege may be claimed by either spouse. .. .
The state contends that the privilege had been waived by appellant pursuant to section 90.507, Florida Statutes, which states:
A person who has a privilege against the disclosure of a confidential matter or communication waives the privilege if he, or his predecessor while holder of the privilege, voluntarily discloses or makes the communication when he does not have a reasonable expectation of privacy, or consents to disclosure of, any significant part of the matter or communication. This section is not applicable when the disclosure is itself a privileged communication.
In support of their contention, the state argues that the conversations between appellant and Lois Purvis, his mother-in-law, and he and his son, George Burton, constituted a waiver of the spousal privilege with respect to communications between appellant and his wife because appellant had also admitted killing Dino to Purvis and Burton. We find this argument to be unacceptable.
It is true that appellant's conversations with Purvis and Burton were not confidential nor made with any reasonable expectation of privacy and therefore were not privileged. However, appellant and his wife did intend for their communications to be privileged and made the communications when they had a reasonable expectation of privacy. No other party was present at the time of the incriminating conversations between appellant and his wife. Furthermore, when Mrs. Koon was called as a witness to testify against appellant, appellant properly asserted the husband-wife privilege pursuant to section 90.504(2), Florida Statutes (1981). Thus, appellant's wife should not have been permitted to testify as to their confidential communications.
The state further argues that even assuming that the communication between appellant and his wife was privileged, its admission at trial was harmless error because Mrs. Koon's testimony was merely cumulative and there was other competent evidence in the record sufficient to sustain a verdict of guilt. We disagree. Mrs. Koon's testimony was prejudicial.
Appellant, an alcoholic, during a time when he was drunk is alleged to have made a statement to Purvis saying that he had killed Dino. Purvis, an elderly woman, blind in her left eye, having hearing difficulties, and being under the influence of medications, apparently was not convinced that she had heard his statement and subsequently asked him if he had told her that, which he denied. Moreover, when appellant allegedly made the statement to Burton, he had been on a two-week alcoholic binge and was drinking heavily at the time. Appellant suffered blackouts and memory loss, secondary to alcohol abuse.
In light of the evidence contained in the record and the strong public policy in favor of the marital privilege and of the sanctity of the family, we find that the trial court committed reversible error in requiring Mrs. Koon to testify as to confidential communications between her and appellant.
We thus do not find it necessary to reach the merits of appellant's other contentions and challenges to his sentence of death.
Accordingly, we reverse his conviction and remand for a new trial.
It is so ordered.
BOYD, C.J., and OVERTON, ALDERMAN, McDONALD, EHRLICH and SHAW, JJ., concur.