642 So.2d 41 (1994)
STATE of Florida, Appellant,
v.
Denton S. McNAB, Appellee.
No. 93-3019.
District Court of Appeal of Florida, Fifth District.
August 19, 1994.
Robert A. Butterworth, Atty. Gen., Tallahassee, and Mark S. Dunn, Asst. Atty. Gen., Daytona Beach, for appellant.
James B. Gibson, Public Defender and S.C. Van Voorhees, Asst. Public Defender, Daytona Beach, for appellee.
W. SHARP, Judge.
The state appeals from an order dismissing an information charging McNab with grand theft of an automobile. The charge arose after McNab failed to return a rental vehicle in Florida and instead drove it to Pennsylvania. He was arrested in Pennsylvania and pleaded guilty to charges of unauthorized use of the motor vehicle and an accident involving damage to an unattended vehicle or property. The court below dismissed the Florida auto theft charge on the basis that McNab had committed only one theft and thus there could only be one prosecution by one state, even if the crime crossed state lines. We reverse.
In Heath v. Alabama, 474 U.S. 82, 106 S.Ct. 433, 88 L.Ed.2d 387 (1985), the United *42 States Supreme Court held that under the "dual sovereignty" doctrine, successive prosecutions by two states for the same conduct are not barred by the double jeopardy clause of the federal constitution. In that case, Heath had hired two men to kill his wife. She was apparently kidnapped from their home in Alabama and murdered in Georgia. Heath was arrested and indicted for murder with malice in Georgia. He pleaded guilty in exchange for a sentence of life imprisonment. Later, a grand jury in Alabama returned an indictment against him for murder during a kidnapping. Heath argued that his conviction and sentence in Georgia barred the prosecution in Alabama for the same conduct on double jeopardy grounds.
In addressing Heath's argument, the Court noted that successive prosecutions are barred by the Fifth Amendment only if the two offenses for which the defendant is prosecuted are the "same" for double jeopardy purposes. The Court assumed that had these two murder offenses arisen under the laws of one state and had Heath been separately prosecuted for both offenses in that one state, the second conviction would be barred by the double jeopardy clause. However, when a defendant in a single act violates the peace and dignity of two sovereigns by breaking the laws of each, he has committed two distinct offenses for double jeopardy purposes. Since the states are separate sovereigns and equal to each other in power, dignity, and authority, each has the power independently to determine what is an offense against its authority and to punish such offenses. 474 S.Ct. at 89-91, 106 S.Ct. at 438. Thus the Alabama prosecution for the same conduct was not barred by double jeopardy.
The Court also rejected the notion that the dual sovereignty doctrine should be replaced with a "balancing of interests" approach in which only one state would vindicate the wrong:
To deny a State its power to enforce its criminal laws because another State has won the race to the courthouse `would be a shocking and untoward deprivation of the historic right and obligation of the States to maintain peace and order within their confines.' Bartkus [v. Illinois], 359 U.S. 121, at 137, 79 S.Ct. [676], at 685 [3 L.Ed.2d 684 (1959)].
Such deprivation of a State's sovereign powers cannot be justified by the assertion that under `interest analysis' the State's legitimate penal interests will be satisfied through a prosecution conducted by another State. A State's interest in vindicating its sovereign authority through enforcement of its laws by definition can never be satisfied by another State's enforcement of its own laws. Just as the Federal Government has the right to decide that a state prosecution has not vindicated a violation of the `peace and dignity' of the Federal Government, a State must be entitled to decide that a prosecution by another State has not satisfied its legitimate sovereign interest. In recognition of this fact, the Court consistently has endorsed the principle that a single act constitutes an `offence' against each sovereign whose laws are violated by that act. The Court has always understood the words of the Double Jeopardy Clause to reflect this fundamental principle, and we see no reason why we should reconsider that understanding today.
Heath, 474 U.S. at 93, 106 S.Ct. at 440.
Florida's double jeopardy provision has been applied in the same manner as its federal counterpart.[1]See, e.g., State v. Cantrell, 417 So.2d 260 (Fla. 1982) (followed Supreme Court holding that imposition of consecutive sentences for violation of two separate statutes in one criminal transaction is not barred by double jeopardy); Davis v. State, 560 So.2d 1231 (Fla. 5th DCA 1990), approved, 581 So.2d 893 (Fla. 1991) (declining to construe Florida's double jeopardy provision as granting greater protection than the Fifth Amendment).
Indeed, the Florida Supreme Court has specifically held that a prosecution in Florida following a prosecution in another state for *43 the same offense is not barred by double jeopardy. Strobhar v. State, 55 Fla. 167, 47 So. 4 (1908). In that case, Strobhar was charged in Florida with embezzlement of funds from a railroad company. Strobhar argued that this charge should be dismissed because he had been tried and convicted in Georgia for the same offense based on the same facts. The Florida Supreme Court rejected this argument:
Even if the plea [of autrefois acquit][2] is to be understood as meaning that the offense was committed both in Georgia and Florida, and was a transgression against the laws of both states, a conviction or an acquittal in the state of Georgia, for a violation of its laws would not prevent a prosecution in the state of Florida for the act in violation of the laws of the latter state.
47 So. at 9.
Based on these authorities, McNab's conviction and sentence in Pennsylvania was not a bar to the subsequent Florida prosecution for the same conduct. Thus the information charging McNab with grand theft of an automobile should not have been dismissed. Accordingly, we reverse and remand the cause for further proceedings.
REVERSED and REMANDED.
GOSHORN and PETERSON, JJ., concur.
NOTES
[1] Fifth Amendment, United States Constitution: "... nor shall any person be subject for the same offense to be twice put in jeopardy"; Article I, § 9, Florida Constitution: "... or be twice put in jeopardy for the same offense ..."
[2] The name of a plea in bar to a criminal action, stating that the defendant has already been indicted, tried and acquitted for the same alleged offense. Black's Law Dictionary 123 (5th ed. 1979).