668 So.2d 1073 (1996)
STATE of Florida, Appellant,
v.
Larry Daniel JONES, Appellee.
No. 95-02570.
District Court of Appeal of Florida, Second District.
February 28, 1996.
Robert A. Butterworth, Attorney General, Tallahassee, and Erica Raffel, Assistant Attorney General, Tampa, for Appellant.
A.R. Mander, III, of Greenfelder, Mander, Hanson, Murphy & Dwyer, Dade City, for Appellee.
BLUE, Judge.
The State challenges the trial court's order dismissing an information against Larry Daniel Jones on the basis of double jeopardy. Because the Florida charge is not barred under the dual sovereign exception to double jeopardy, we reverse.
Jones was charged with interference with child custody under section 787.03, Florida Statutes (1993), resulting from an incident where he took his son from Florida to Minnesota and concealed the child from the mother. He raised double jeopardy as a defense to the Florida charge and asserted that he had been convicted in Minnesota of a similar charge based on the same incident. The trial court dismissed the information and the State appealed.
In Booth v. State, 436 So.2d 36 (Fla.1983), the Florida Supreme Court held that Florida's *1074 double jeopardy clause did not bar successive prosecutions in Florida and federal courts for charges arising out of the same conduct. The court held this was a matter of prosecutorial discretion that could best be curbed by a statutory bar to subsequent prosecutions. See also Koon v. State, 463 So.2d 201 (Fla.) (holding successive prosecutions are unconstitutional only if the state is acting merely as a tool of federal authorities), cert. denied, 472 U.S. 1031, 105 S.Ct. 3511, 87 L.Ed.2d 641 (1985). Jones argues that Booth is inapplicable because it involved a federal-state context instead of a state-to-state situation. We find no basis for this distinction. See State v. McNab, 642 So.2d 41 (Fla. 5th DCA 1994) (holding that foreign state's prosecution did not bar subsequent Florida prosecution for same conduct).
As Jones notes in his brief, a number of states have adopted statutes limiting the dual sovereign exception. In Booth, Justice Ehrlich recommended that the legislature consider the adoption of such a statute to limit duplicative prosecutions. 436 So.2d at 38 (Ehrlich, J., concurring). It appears that the legislature has not acted on this recommendation. Thus, we conclude that Jones' prosecution in Florida is not barred by the Florida Constitution nor by any enactment of the legislature. Accordingly, we reverse the dismissal of the information and remand for further proceedings.
RYDER, A.C.J., and FULMER, J., concur.