825 So.2d 1014 (2002)
Timothy Finell WALKER, Sr., Appellant,
v.
STATE of Florida, Appellee.
No. 4D02-2603.
District Court of Appeal of Florida, Fourth District.
September 4, 2002.
*1015 Timothy Finell Walker, Sr., Jesup, Georgia, pro se.
No appearance required for appellee.
PER CURIAM.
Appellant filed a motion in the trial court asserting that the cocaine trafficking and related charges against him should be dismissed because he had already pled guilty to federal charges based on the same facts and was sentenced to federal prison. He alleged that the state was violating his double jeopardy rights.
The trial court denied the motion, and appellant has filed a notice of appeal. This order, however, is neither a final order nor an appealable non-final order.
In addition, even if the federal and state charges were based on the same facts, this prosecution would still not be barred by double jeopardy. Booth v. State, 436 So.2d 36 (Fla.1983)(prosecution by two different sovereigns, the United States and Florida, for the same crime, does not violate double jeopardy). Bartkus v. Illinois, 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959).
Appeal dismissed for lack of jurisdiction.
POLEN, C.J., and STEVENSON, JJ., concur.
KLEIN, J., concurs specially with opinion.
KLEIN, J., concurring specially.
In Bartkus v. Illinois, 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959), the Court concluded that where different sovereigns are prosecuting for the same crime, the Fifth Amendment prohibition against double jeopardy is not violated. Bartkus, based on federalism principles, leaves the decision as to whether a second prosecution should be barred up to the states.
When the Florida Supreme Court considered this issue in Booth v. State, 436 So.2d 36 (Fla.1983), four of the seven justices were of the opinion that dual prosecutions were not desirable. The two justices who dissented in Booth would have held that Florida's double jeopardy clause barred dual prosecutions. Two justices in the majority, noting that the federal government as a matter of policy does not pursue dual prosecutions, urged our legislature to adopt a similar policy. Booth, 436 So.2d at 38 (Ehrlich, J., concurring).
The majority of states, mostly by legislation, and a few by case law, bar or limit these dual prosecutions. 97 A.L.R. 5th 201; Christina Gayle Woods, The Dual Sovereignty Exception to Double Jeopardy: an Unnecessary Loophole, 24 U. Balt. L.Rev. 177 (Fall 1994).
Our dismissal of this appeal is of course without prejudice to appellant raising this issue on final appeal, in the event he is convicted, as it may be ripe for reconsideration.