875 So.2d 827 (2004)
Brian Michael CHIPMAN, Appellant,
v.
STATE of Florida, Appellee.
No. 2D03-5433.
District Court of Appeal of Florida, Second District.
July 2, 2004.
WHATLEY, Judge.
Brian Michael Chipman challenges the order of the trial court summarily denying his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. Chipman raised four grounds for relief in his motion. We affirm the trial court's order as it relates to three of the grounds raised. We reverse and remand for further proceedings on the remaining ground.
Chipman pleaded guilty to grand theft *828 auto.[1] In his motion, he alleged that the vehicle was stolen in Texas and that he had been convicted of the same charge there. As the trial court found in its order, Chipman "stole a car in Texas, drove it to Florida and continued to use it while in Florida." Chipman alleged that his Florida conviction was barred by double jeopardy considerations. He also alleged that the State of Florida lacked jurisdiction to try him for grand theft auto because the offense occurred in Texas. Chipman also accused the State of withholding "evidence favorable to the defendant" by not advising him that he had a "right to be convicted in the county and state where the crime was committed." Chipman is not entitled to relief on any of these three claims.
In State v. McNab, 642 So.2d 41 (Fla. 5th DCA 1994), McNab failed to return a rental vehicle in Florida and was arrested driving it in Pennsylvania where he pleaded guilty to, inter alia, unauthorized use of a motor vehicle. McNab was charged with grand theft auto in Florida, and the trial court dismissed the information "on the basis that McNab had committed only one theft and thus there could only be one prosecution by one state, even if the crime crossed state lines." 642 So.2d at 41. In reversing the order of the trial court and remanding for further proceedings, the Fifth District stated:
[W]hen a defendant in a single act violates the peace and dignity of two sovereigns by breaking the laws of each, he has committed two distinct offenses for double jeopardy purposes. Since the states are separate sovereigns and equal to each other in power, dignity, and authority, each has the power independently to determine what is an offense against its authority and to punish such offenses.
642 So.2d at 42 (emphasis in original).
In the present case, Chipman violated section 812.014(2)(c)(6), Florida Statutes (2001). His prosecution for grand theft auto was not barred by double jeopardy considerations, and the State of Florida had jurisdiction to try him for the offense.
Chipman also claimed that his plea was involuntarily entered because counsel advised him to plead guilty and that she would then win the case on appeal. Although his claim is poorly drafted, Chipman alleged that he would not have pleaded but for this advice. The trial court found that the claim was facially insufficient because Chipman did not allege any facts to show that he was misadvised. However, we conclude that Chipman sufficiently alleged his plea was involuntarily entered based on misadvice of counsel where there was no apparent basis for an appeal of his guilty plea, especially as concerns any double jeopardy claim. We reverse the order of the trial court as it relates to this claim, and we remand for the trial court to consider it. If the trial court again summarily denies the claim, it shall attach those portions of the record that conclusively refute it.
Affirmed in part, reversed in part, and remanded for further proceedings.
SALCINES and SILBERMAN, JJ., Concur.
SALCINES, J., Concurs with opinion.
SALCINES, Judge, Specially concurring.
I fully agree with this unanimous opinion but merely add that successive prosecutions *829 in separate sovereignties based on the same facts and arising out of the same misconduct in violation of the different sovereignties are not constitutionally prohibited and are not barred by the double jeopardy clauses of the Texas, Florida, and United States constitutions. See United States v. Smith, 757 F.2d 1161 (11th Cir. 1985); United States v. Burke, 495 F.2d 1226 (5th Cir.1974); see also State v. Jones, 668 So.2d 1073 (Fla. 2d DCA 1996); King v. State, 687 So.2d 917 (Fla. 5th DCA 1997); McNab, 642 So.2d 41; State v. Booth, 418 So.2d 385 (Fla. 1st DCA 1982); Hernandez v. State, 397 So.2d 715 (Fla. 1st DCA 1981). An act denounced as a crime by two or more state sovereignties is an offense against the peace and dignity of each of the separate sovereignties and may be prosecuted and punished by each. See United States v. Jackson, 470 F.2d 684 (5th Cir.1972).
Chipman's reliance on the double jeopardy clause is of no avail because of the dual sovereignty doctrine. The same single (and/or continuing) act by Chipman constituted more than one offense as he violated both the laws of Texas and Florida for which he has been prosecuted by both sovereign states. Furthermore, Chipman could have also been prosecuted in the federal court by the U.S. Department of Justice for violating the federal crime of interstate transport of a stolen motor vehicle. See 18 U.S.C. § 2312. There would be no double jeopardy violation because Chipman's criminal conduct also violated the federal sovereignty. See Abbate v. United States, 359 U.S. 187, 194, 79 S.Ct. 666, 3 L.Ed.2d 729 (1959); Bartkus v. Ill., 359 U.S. 121, 79 S.Ct. 676, 3 L.Ed.2d 684 (1959).
NOTES
[1] The trial court's order reflects that Chipman also pleaded guilty to one count of grand theft.