952 So.2d 1242 (2007)
Roy KAHN, Appellant,
v.
STATE of Florida, Appellee.
No. 4D06-549.
District Court of Appeal of Florida, Fourth District.
April 4, 2007.
*1243 Paul Morris of Law Offices of Paul Morris, P.A., Miami, for appellant.
Bill McCollum, Attorney General, Tallahassee, and Monique E. L'Italien, Assistant Attorney General, West Palm Beach, for appellee.
MAY, J.
The defendant appeals his conviction and sentence for aggravated assault with a firearm after entering a plea and reserving his right to appeal the denial of his motion to dismiss. He argues the trial court erred in denying his motion to dismiss based on double jeopardy grounds. We disagree and affirm.
For the same incident, the State charged the defendant with aggravated assault with a firearm while the federal government charged him with possession of a firearm by a convicted felon. The federal case was disposed of first. After a conviction, the federal court enhanced the defendant's sentence based upon the circumstances giving rise to the aggravated assault charge in state court.
The defendant then moved to dismiss the state prosecution on double jeopardy grounds. He argued that the state court was prohibited from prosecuting him on the assault charge after the federal court had already enhanced his sentence for possession of a firearm by a convicted felon because the gun was used in the assault. He claimed the state prosecution constituted a double jeopardy violation. The state court denied the motion.
Reserving his right to appeal, the defendant pled nolo contendere to the aggravated assault charge in state court. The defendant continues to make the same argument on appeal. The State responds that this argument was effectively rejected by the Supreme Court of Florida in Booth v. State, 436 So.2d 36 (Fla.1983).[1]
The United States and Florida constitutions prohibit the respective governments from subjecting citizens to being prosecuted twice for the same offense. Amends. V, XIV, U.S. Const.; Art. I, § 9, Fla. Const.; Benton v. Maryland, 395 U.S. 784, 89 S.Ct. 2056, 23 L.Ed.2d 707 (1969) (making the Fifth Amendment applicable to the states through the Fourteenth Amendment). However, the doctrine of dual sovereignty prevents the doctrine of double jeopardy from being implicated. Heath v. Alabama, 474 U.S. 82, 106 S.Ct. 433, 88 L.Ed.2d 387 (1985). "[U]nder the doctrine of dual sovereignty, one may in fact be placed twice in jeopardy without being deprived of his constitutional protection." Hernandez v. State, 397 So.2d 715, 717 (Fla. 1st DCA 1981).
We recognize that there may well be sound policy reasons for the adoption of *1244 a prosecutorial policy by the state executive branch similar to the federal policy, whereby the state would not bring a state prosecution following a federal prosecution, absent a compelling state interest. Nevertheless, such a policy is not constitutionally mandated by either the United States or Florida Constitutions, and we decline to establish or formulate prosecutorial policy under the guise of constitutional pronouncements.
Booth, 436 So.2d at 37-38 (citations omitted). Florida courts continue to adhere to the doctrine of dual sovereignty. See, e.g., Walker v. State, 825 So.2d 1014 (Fla. 4th DCA 2002). Since Booth, the Florida legislature has taken no action to restrict such prosecutions. We therefore affirm.
Affirmed.
STONE and FARMER, JJ., concur.
NOTES
[1] A claim raised on the ground that a violation of one's protection against double jeopardy occurred is reviewed de novo. State v. Florida, 894 So.2d 941, 945 (Fla.2005).